UNITED STATES of America,
Appellee,

v.

Philip FRUCHTER,* Lawrence Braun, Dauda Yague, Mamadou Sylla, Samba William and Frank Singh, Defendants–Appellants,

Steven Fruchter, Mitchell Grand, Miguel Mercedes and Muninauth Pulchan, Defendants.

Nos. 02–1422(L), 02–1451(CON), 02–1474(CON), 02–1542(CON), 02–1552(CON), 02–1561(CON).

United States Court of Appeals,
Second Circuit.

June 14, 2005.

---

* Appellant Philip Fruchter withdrew his appeal with prejudice prior to briefing and oral argument, pursuant to Fed. R.App. P. 42(b).

Joshua L. Dratel (Marshall A. Mintz, on the brief) Joshua L. Dratel, P.C., New York, NY, for Lawrence Braun.

Maurice H. Sercarz, New York, NY, for Daouda Yague.

William J. Stampur, Hurwitz Stampur & Roth, New York, NY, for Mamadou Sylla.

Daniel Noble, New York, NY, for Samba William.

Arthur J. Viviani, New York, NY, for Frank Singh.

Robin W. Morey, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Sarah Lai, Barbara A. Ward, Laura Grossfield Birger, and Gary Stein, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellants appeal their convictions, following an eleven-week jury trial, for violations of the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. § 1961 *et seq.*, the federal mail fraud statute, 18 U.S.C. § 1341, and the federal conspiracy statute, 18 U.S.C. § 371. We have issued today an opinion that addresses and rejects appellant Braun's claim under *Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the district court's criminal forfeiture order violated the Sixth Amendment. We address in this summary order appellants' other contentions. Familiarity with the facts and procedural background is presumed.

■ Principal among appellants' claims on appeal is that the prosecution's introduction into evidence of the plea allocution of co-defendant Steven Fruchter, who pled guilty mid-way through trial, violated the rule announced in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), a case that was decided after defendants were convicted. Because it is unclear from the record whether appellants preserved their Confrontation Clause claim, we review under the relatively more lenient harmless-error standard. *See, e.g., United States v. McClain*, 377 F.3d 219, 222 (2d Cir.2004). The Government concedes that the introduction of the allocution was error, but maintains that the error was harmless. *See, e.g., id.; see also Coy v. Iowa*, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (denial of face-to-face confrontation subject to harmless error analysis). We agree with the Government. The substance of the allocution was cumulative of other evidence that had been presented at trial and was fully corroborated. Moreover, the plea allocution was admitted only to show the existence of the conspiracy, a fact that was not seriously contested by anyone and was supported by an overwhelming body of other evidence. Accordingly, the error was "harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475

U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

■ Appellant Braun also challenges the sufficiency of the Government's evidence against him as to (1) his conviction for mail fraud against API's customers, (2) his convictions for RICO and general conspiracy, and (3) his role in "operat[ing] or manag[ing]" a racketeering enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). Braun fails to meet the "very heavy burden" imposed on insufficiency claims. *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). The jury was entitled to infer (1) that Taylor and Braun's discussion of throttling in the context of cost-savings meant that Braun was aware of the illegal throttling occurring at API, and (2) that Braun was aware that the significant delays in completion of yellow sheets, of which he complained, was due to illegitimate activity. As to the RICO and general conspiracy convictions, the jury was also entitled to infer from Braun's central role in the management of API's finances, and from the fact that he reaped a third of API's profits, that Braun did more than merely associate with conspirators under suspicious circumstances. Finally, as to Braun's role in API's activities, the jury was entitled to find that it rose to the level of "operation or management." *Reves*, 507 U.S. at 179, 113 S.Ct. 1163. As chief financial officer, for example, Braun supervised the billing of customers and the underpayment of the Postal Service and advised Taylor about how he should record bribes. Accordingly, we reject Braun's sufficiency claims.

■ We find similarly unavailing appellant Singh's sufficiency claims. The evidence presented at trial was sufficient to prove that Singh was (1) aware of the general thrust of the RICO conspiracy, and (2) an operator or manager of the

RICO enterprise. Specifically, Singh conceded that he was involved in the bundling and burying activities at API, and the evidence at trial showed that he helped direct those activities. The evidence at trial also showed that Singh was aware of other schemes, such as illegal throttling, intended to defraud the Postal Service. The jury was therefore entitled to conclude that he was guilty of RICO violations and RICO conspiracy.

■ We also reject appellant Sylla's sufficiency challenge to his RICO conviction. Sylla not only supervised bundling and burying activities at API, but also had responsibility for throttling decisions and devised the "dropping-counts" scheme that API implemented following reclassification. Accordingly, the jury was entitled to find that he satisfied the *Reves* test and had violated 18 U.S.C. § 1962.

Appellants also contend that the Government's comments about Steven Fruchter's plea allocution and Yague's post-arrest confession during summation constituted prosecutorial misconduct. We disagree. We see nothing improper in the prosecutor's closing remarks, and certainly nothing "so severe and significant as to result in the denial of [the defendants'] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993).

■ Appellant Yague also argues that the district court committed reversible error when it denied his motion to suppress a confession he made in the wake of his arrest, after he had been given his *Miranda* warnings. We disagree. The district court properly found that no police overreaching or misconduct occurred during Yague's interrogation and that, in the absence of coercion, the statement was not involuntary. *See Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *see also United States v. Cristobal*, 293 F.3d 134, 141 (4th Cir.

2002); *United States v. Genao*, 281 F.3d 305, 310 (1st Cir.2002).

■ Appellant William argues that the prosecutor's inadvertent failure to turn over a handwritten note that he had scribbled during a short telephone conversation with Leonard Taylor, the Government's star witness, violated his due process rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Jencks Act, 18 U.S.C. § 3500. We agree with the district court's conclusion that nothing in the note contradicted or even undermined the Government's proof against William or its theory of the case. Moreover, even if the contents of the note could be considered exculpatory, there is no reasonable possibility that its disclosure would have changed the outcome of the trial. *See Strickler v. Greene*, 527 U.S. 263, 281, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); *In re United States (United States v. Coppa)*, 267 F.3d 132, 135 (2d Cir.2001).

Appellant Braun also challenges the district court's forfeiture order on a number of grounds. We address his Sixth Amendment claim in a separate published opinion issued today. Here we address (1) his argument that he should have been given credit for the federal income tax he paid on money received from the racketeering activity, and (2) his Eighth Amendment claim. The first argument is untenable under this court's previous holding that gross profits are forfeitable. *See United States v. Lizza Indus., Inc.*, 775 F.2d 492 (2d Cir.1985). The second argument is similarly unpersuasive. The approximately $20.7 million forfeiture amount accurately represented the gains received by Braun and his cohorts from their racketeering activity and is thus distinguishable from *United States v. Bajakajian*, 524 U.S. 321, 337–41, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), in which the harm

caused was minimal compared to the forfeiture sought. We likewise find unconvincing Braun's contention that because the Fruchter brothers' negotiated settlements with the Government make Braun solely liable for at least $10 million, the forfeiture order violates the Eighth Amendment. As long as joint and several liability remains constitutional under the Eighth Amendment, the forfeiture order remains proper.

Finally, appellants challenge their sentences. Appellant Braun argues (1) that the district court improperly held him accountable—under the "relevant conduct" provisions of the Guidelines—for acquitted conduct; (2) that the district court's loss calculation was in error; and (3) that the district court's enhancement for managerial role was improper. Appellant William argues that the district court (1) failed to make "particularized" findings concerning the scope of William's agreement and the losses foreseeable to him, pursuant to *United States v. Studley*, 47 F.3d 569, 574 (2d Cir.1995), and *United States v. Mulder*, 273 F.3d 91, 118 (2d Cir.2001); and (2) erred in calculating the loss amounts. In addition, following the Supreme Court's decision in *Blakely v. Washington*, which was decided shortly after oral argument, appellants filed supplemental briefs arguing that their sentences violated the Sixth Amendment because they were enhanced based upon facts not proven to the jury beyond a reasonable doubt.

We affirm the district court's sentencing calculations under the Guidelines, but in view of *Booker*, remand to the district court for further proceedings consistent with *Booker* and *United States v. Crosby*, 397 F.3d 103, 119–20 (2d Cir.2005). In doing so, we make the following observations. First, under the Guidelines, the district court was entitled to consider acquitted conduct as relevant conduct. *United States v. Watts*, 519 U.S. 148, 157,

117 S.Ct. 633, 136 L.Ed.2d 554 (1997). Moreover, even in the post-*Booker* regime, the sentencing court's consideration of acquitted conduct is not in itself a violation of the Sixth Amendment—even if such consideration is in tension with the jury's verdict—so long as it does not "support any mandatory calculation," or "violate any of the judge's obligations to consider relevant factors." *United States v. Williams*, 399 F.3d 450, 454 (2d Cir.2005); *see also United States v. Duncan*, 400 F.3d 1297, 1304–05 (11th Cir.2005). *But see United States v. Pimental*, —— F.Supp.2d ——, 2005 WL 958245, at *5–8 (D.Mass. Apr.21, 2005) (concluding that *Booker* undermines *Watts* and accordingly refusing to consider acquitted conduct in sentencing). Second, given that the Guidelines "do not require that the sentencing court calculate the amount of loss with certainty or precision," *United States v. Bryant*, 128 F.3d 74, 75 (2d Cir.1997) (per curiam), we find no error in the district court's loss determinations as to both Braun and William, particularly in light of the fact that the district court granted Braun a two-level downward departure to account for any inaccuracies. Third, the evidence at trial amply supported the three-level managerial role enhancement imposed on Braun. Fourth, although the district court did not make the particularized findings that we have suggested are required before the district court can properly impose an adjustment for relevant conduct, *see Mulder*, 273 F.3d at 118; *Studley*, 47 F.3d at 574, any error committed does not rise to the level of plain error. Because William did not object to the lack of specific findings below, we review for plain error. *See United States v. Molina*, 356 F.3d 269, 277 (2d Cir.2004). Where, as here, there was substantial evidence in the record to sustain the upward loss adjustment, and where the *Studley* issue was argued at length below,

the court's failure to make particularized findings on the record was harmless.

We have considered all of appellants' contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED. However, the case is REMANDED for further proceedings consistent with *Booker* and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.